Date signed November 22, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| CHERISH McMAHON HARVEY | : | Case No. 04-35576PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

Before the court is an Application seeking compensation of $37,486.66 filed by creditors Leslie Mills and Jesse Mills (sometimes "Movants") filed "pursuant to 11 U.S.C. § 503(b)(3)(B), and the general provisions of § 503" for recovery of their actual and necessary costs in recovering for the estate an asset valued at $51,899.00. The Mills urge that but for their efforts creditors would have received nothing in this bankruptcy case.

The claims filed in this case include one filed by Leslie Mills in the sum of $54,803.10 and one filed by Jesse Mills in the sum of $26,592.67, as well as two untimely claims with alleged priority filed on September 5, 2006, by counsel for the Debtor: (1) for legal fees incurred by the Debtor, and (2) for income tax said to be due the Internal Revenue Service in the sum of $6,172.21. Other unsecured claims without priority were filed aggregating approximately $33,000.00.

Pursuant to the terms of Debtor's Amended Chapter 13 Plan confirmed by Order entered October 5, 2006, Debtor's Plan payments consist of $1,025.00 in cash and $51,000.00 out of an escrow account held by Arthur Schneider, Esquire, a Hagerstown attorney. The Movants urge that this account was not disclosed on Debtor's Schedules and, but for their activity in this case, especially in filing Adversary Proceeding No. 05-1312, a Complaint objecting to Debtor's

discharge and objecting to the discharge of the debt owed to Jesse Mills, as well as their activity in pursuing an examination of Debtor pursuant to Bankruptcy Rule 2004 and to compel compliance with the Order for the examination, that two things happened.  First, the Chapter 7 Trustee withdrew his Report of No Distribution and employed counsel, and two, the Debtor converted this case to a case under Chapter 13, thereby potentially nullifying the adversary proceeding seeking denial of discharge as well as the adversary proceedings filed by the Trustee to nullify alleged fraudulent conveyances.

The Debtor's motion to convert was filed February 3, 2006.  It was opposed by the Movants.  In their opposition filed February 8, 2006, they pointed out that less than a month before a case was go to trial in the Circuit Court for Washington County, Debtor filed her Chapter 7 petition, thus staying the action.  However, the escrow account that had been established in the Washington County case remained in place.  In the Movants' opposition to the motion to convert they argued that Ms. Mills had spent $7,000.00 in legal fees to press her claim in the Circuit Court and an additional $10,000.00 in legal fees since the filing of the bankruptcy case with relation to this matter.  Likewise, Mr. Mills "incurred considerable legal expense getting his case [AP 05-1312] ready to present to the court for the scheduled trial date of February 15, 2006."

Section  503 of the Bankruptcy Code governs the allowance of administrative expenses that are entitled to priority over distributions to creditors.  The following provisions are relevant:

> **11 U.S.C. § 503. Allowance of administrative expenses**
>
> (a) An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause.
> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including-
>> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by-
>>> (B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor;
>>>
>>> *          *          *          *
>>>
>>> (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title.

>           *               *               *               *
>       (4) reasonable compensation for professional services rendered by
> an attorney or an accountant of an entity whose expense is allowable under
> subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection,
> based on the time, the nature, the extent, and the value of such services,
> and the cost of comparable services other than in a case under this title,
> and reimbursement for actual, necessary expenses incurred by such
> attorney or accountant.

Unquestionably, these creditors made a substantial contribution in this case.[1] But for their attention and industry, this case would been closed out without any payment whatsoever to any creditor. The court's sense of fundamental fairness cries out for their reimbursement. However, § 503(b)(3)(D) is limited to cases under Chapter 9 or 11 of this Title, and this case never was a case under either chapter.

The other peg on which to hang a claim for recovery is § 503(b)(3)(B) that allows compensation to a creditor that recovers after <u>the court's approval</u> for the benefit of the estate any property transferred or concealed by the debtor (emphasis added). While technically the creditors did not recover property for the benefit of the Debtor, they were the cause without which no recovery would have taken place. However, the statutory mandate of § 503(b)(3)(B) is clear. Early court control is critical. *In re Fall*, 93 B.R. 1003, 1012 (BC Ore. 1988). This is a plain meaning of the statute. *See also, In re Central Idaho Forest Products*, 317 B.R. 150 (BC Idaho 2004); *In re Casale*, 27 B.R. 69 (BC E.D.N.Y. 1983).

Nevertheless, as pointed out in the recent opinion of *In re Morad*, 328 B.R. 264 (BAP 1st Circ. 2005), there is substantial authority for the allowance of retroactive court approval under certain circumstances where a creditor's recovery of an asset is for the benefit of the estate. *See In re Johnson*, 72 B.R. 115, 118 (BC E.D.N.C. 1987). The court finds the *Morad-Johnson* line of cases instructive and applicable, and the court will treat the motion before it as one also requesting retroactive court approval. But this does not end the discussion. In reviewing the Application, the court is governed by the general rules of law dealing with applications for

---

[1] The Creditors should be lauded for their activity in this case. *See*, Note, <u>Encouraging Creditor Participation: Integrating the Allowance of Administrative Expenses with the Common Fund Theory</u>, 15 *Bankruptcy Developments Journal* 223 (1998).

administrative expenses and must consider the lodestar approach[2] and particularly the results obtained. There must be proportionality between the amount sought and the amount recovered for the estate. Nor can the court compensate these creditors for many charges of counsel in the nature of educating counsel in this area of federal law. In addition, a substantial part of the expenses were incurred in connection with matters not dealing with bringing property into the estate but rather the prosecution of the adversary proceedings objecting to Debtor's discharge and objecting to the dischargeability of a debt. Finally, the court notes that no interested party objected to this Application. An appropriate order will be entered.

cc:
Michael D. Cox, Esq., 14123 Flint Rock Road, Rockville, MD 20853
Cherish McMahon Harvey, 2639 Hendershot Road, Warfordsburg, PA 17267
Terri Ann Lowery, Esq., 75 Greene Street, Cumberland, MD 21502
Steven H. Greenfeld, Former Trustee, 7910 Woodmont Avenue, Suite 760, Bethesda, MD 20814
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum**

---

[2]See generally, *Harman v. Levin*, 772 F.2d 1150 (CA4 1985); *In re Courtois*, 222 B.R. 491 (BC MD 1998).